UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# ECF CASE

HILLARY RAYFORD,

      Plaintiff,

vs.

FAMILY DOLLAR, INC.,

      Defendant.

-------------------------------------------------x

# 05 CIV. 4895

**COMPLAINT**

BRIEANT

*FILED U.S. DISTRICT COURT S.D. OF N.Y. W.P.*
*2005 MAY 23  A 9: 36*

By and through her counsel, Michael H. Sussman, plaintiff avers against

the defendant as follows:

**PARTIES**

1.  Hillary Rayford is an African-American female who resides in the City

of Newburgh, County of Orange within this judicial district.

2.  Family Dollar, Inc. is a corporation doing business within this

jurisdiction.  It may sue and be sued for violations of the federal civil rights law.

**JURISDICTION**

3.  As plaintiff contends that defendant violated rights accorded to her by 42

U.S.C. sec. 1981, this Honorable Court has jurisdiction pursuant to 28 U.S.C. secs.

1331, 1343 (3) & (4) and 42 U.S.C. sec. 1983 and 1988.  As plaintiff's state

cause of action arose from the same nucleus of operative facts as her federal claim,

28 U.S.C. sec. 1367 provides this Court jurisdiction to hear and resolve it.

## FACTUAL ALLEGATIONS

4. Plaintiff was employed by defendant in or about December 2004.

5. After training, plaintiff was assigned to work as a manager at a store on lower Broadway in the City of Newburgh.

6. Plaintiff was provided a lower salary than a Caucasian starting manager assigned to a store in the Town of Newburgh.

7. Plaintiff was expected to do menial work like shoveling snow.

8. Plaintiff reported that her Caucasian staff disrespected her authority.

9. Thereafter, plaintiff's Caucasian manager allowed the same staff to circumvent plaintiff's authority.

10. On or about March 2, 2005, plaintiff received a performance improvement plan which reflected managerial preference for a Caucasian subordinate and disrespect for plaintiff.

11. Plaintiff was not provided sufficient staff to properly manage and maintain her store.

12. To assist in handling and storing inventory and maintaining aisles so that customers could safely walk in and through the store, plaintiff employed

several relatives, paying them nominal sums.

13. Plaintiff so acted only after her district manager disallowed her from hiring staff needed to unload substantial inventory and clear the store for customer use.

14. Before being terminated, plaintiff complained to her district manager that she was being discriminated against on the basis of race.

15. The district manager mocked any such suggestion and responded in a hostile manner to this suggestion.

16. On March 31, 2005, allegedly based upon plaintiff having paid a non-company associate out of her own pocket as set forth in paras. 12-13 above, defendant terminated her employment.

17. Defendant's course of conduct toward plaintiff demonstrated hostility and disparate treatment on the basis of race.

18. Plaintiff well performed her job functions and responsibilities and remained qualified and able to do so when terminated.

19. As a consequence of defendant's intentional and malicious racial discrimination, plaintiff has suffered pecuniary and non-pecuniary damages.

IV. **CAUSES OF ACTION**

20. Plaintiff incorporates paras. 1-19 as if fully re-written herein.

-3-

21.  By terminating plaintiff on the basis of her race, defendant violated 42 U.S.C. sec. 1981 and section 296 of the Executive Law of the State of New York.

## V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court:

a)  accept jurisdiction of this matter;

b) empanel a jury to fairly decide those issues within its authority;

c) award to plaintiff compensatory and punitive damages against the defendant;

d) award to plaintiff the reasonably incurred attorneys' fees and costs arising from this litigation,

e) reinstate plaintiff to her former position with back pay with pre and post-judgment interest or, in the alternative, award plaintiff front pay with pre and post-judgment interest and

f) enter any other order deemed just and equitable in light of the facts and the law.

RESPECTFULLY SUBMITTED,

Michael H. Sussman (3497)

Counsel for Plaintiff

Law Offices of Michael H. Sussman
PO Box 1005
Goshen, NY 10924
(845)-294-3991

-4-

Dated: May 20, 2005
      Goshen, NY